**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| MARKIEE Q. JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV625-035 |
| | ) | |
| GEORGE IVEY, JR., | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Markiee Q. Jones filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Doc. 1. The Court directed a response to the Petition, doc. 4, and Respondent filed an Answer, doc. 9, and Motion to Dismiss, doc. 10. Petitioner, for his part, filed a Motion for Judgment on the Pleadings, doc. 12, a belated response to the Motion to Dismiss, docs. 16 & 17, and a Motion for a Hearing, doc. 14. Respondent filed his opposition to the Motion for Judgment on the Pleadings and for a Hearing. Doc. 15. Petitioner filed a reply in support of his Motion for Judgment on the Pleadings and for a Hearing. Doc. 19. All of the pending motions are, therefore, ripe for review.

Jones was convicted in the Superior Court of Emmanuel County, Georgia of multiple counts of enticing a child for indecent purposes, incest, and statutory rape. Doc. 1 at 1; *see also* doc. 11-2 at 1. The Georgia Court of Appeals affirmed his convictions in 2025 in an unpublished opinion. Doc. 1 at 2-3; *see* doc. 11-4. He filed the instant Petition on May 6, 2025. Doc. 1. On May 15, 2025, he filed a state habeas petition in the Superior Court of Hancock County, Georgia. *See id.* at 3; *see also* doc. 11-5. The instant Petition states, apparently in anticipation, that the state petition was "[a]ctively [p]ending." Doc. 1 at 3.

The Petition asserts six grounds for relief. *See* doc. 1 at 13-14. Ground One asserts that his Fifth and Fourteenth Amendment rights were violated by (1) "[g]ross judicial misconduct," by the trial judge, (2) related to the judge's refusal to recuse himself based on an alleged "personal and professional relationship with the [ ] state's key expert witness," which (3) "den[ied] him a fair trial." *Id.* at 13. Ground Two asserts that his Fifth and Fourteenth Amendment rights were violated by the judge's "complete and knowing, violative failure to judicially reveal, and or disclose anytime prior to and or ('before') trial," that he had a relationship with "the [S]unshine [H]ouse [C]hild [A]dvocacy [C]enter,"

2

(the "Center"), involving both the judge's fundraising efforts for the Center and campaign contributions from the Center to the judge. *Id.* Ground Three asserts that his Fifth and Fourteenth Amendments were violated when the judge "created and clearly, legally established full perception of bias which has and did, unconstitutionally prejudice the petitioner depriving him of his rights and constitutionally protections to a fair and impartial trial." *Id.* (unedited). Ground Four asserts that his Fifth and Fourteenth Amendment rights were violated when the trial court, over objection, admitted prior act evidence. *Id.* at 14. Ground Five asserts that the evidence for his conviction was insufficient. *Id.* Finally, Ground Six asserts that his Fifth, Sixth, and Fourteenth Amendment rights were violated by the judge's alleged relationship to the Center. *Id.*

Approximately one month after he filed the Petition, but before Respondent filed his Answer, Jones submitted a document titled "Petitioner's Memorandum of Law in Support of Habeas Corpus Relief." Doc. 8. That document either clarifies or supplements the grounds asserted in his Petition. As discussed below, Respondent has treated some, but not all, of the claims in that document as additional claims. The Memorandum never suggests that it seeks to amend the Petition,

even if Jones might have done so as a matter of course.[1]  *See, e.g.,* Fed. R. Civ. P. 15(a).  A claim identified as "(A): [ ] Due Process Violations of the Fifth (5th) and Fourteenth (14th) Amendments," which the Court will discuss as "Ground Seven," asserts that the prosecution violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), for failing to disclose the trial judge's relationship with the Center.  Doc. 8 at 3.  That section, whatever its intent, also includes a section titled "Judicial Bias," which asserts that the trial judge's failure to recuse himself was a due-process violation.  *Id.* at 4.  A second claim identified as "(B): Sixth (6th Amendment Violations," which the Court will discuss as "Ground Eight," asserts a violation of his rights under Sixth Amendment's Confrontation Clause because he was unable to cross-examine the Center's witness about the allegedly improper relationship.  *Id.* at 4.  Finally, he asserts several other claims, not otherwise denominated, but perhaps intended as additional Sixth Amendment violations, which the Court refers to as Grounds Nine through Eleven.  *Id.* at 4-5.  Ground Nine asserts that

---

[1]  The Petition was served, by operation of the Court's Order and referenced Memorandum of Understanding, on May 7, 2025.  *See* doc. 4.  The "Memorandum" was signature-filed on May 22, 2025.  *See* doc. 8 at 6; *see, e.g.,* Rule 3(d), Rules Governing Section 2254 Cases.  It was, therefore, filed within the twenty-one day period for amendment as a matter of course, pursuant to Rule 15(a)(1)(A).

4

Petitioner's trial counsel provided ineffective assistance for his failure to investigate the judge's alleged relationship. *Id.* at 4. Ground Ten asserts that the judge violated the Georgia Code of Judicial Conduct. *Id.* Finally, Ground Eleven asserts that the prosecutor "breached . . . discovery obligations," under state law by "concealing" the "[e]vidence of [j]udicial [b]ias." *Id.* at 5.

Finally, well after Jones had missed his deadline to respond in opposition to the Motion to Dismiss, *see, e.g.,* S.D. Ga. LR Civ. 7.5, he filed a document titled "Motion for Judgment on the Pleadings." Doc. 12. Passing over the parties' dispute about whether such a motion is procedurally proper in a habeas corpus action, *compare* doc. 15, *with* doc. 19, the document is confusing on its face. Rather than assert that Petitioner is entitled to relief based on one of the claims previously asserted, as one might expect in a motion for judgment on the pleadings, it asserts summary entitlement to relief on a wholly novel claim: to wit, the trial judge's constructive amendment of the indictment in instructing the jury. *See* doc. 12 at 2. The Respondent pointed out, in his opposition, that "at no point in Petitioner's petition or memorandum in support does Petitioner make such an allegation." Doc. 15 at 3. Petitioner's reply

ignores the novelty of the constructive-amendment claim entirely and argues exclusively that his motion is procedurally proper and that his "claims," generally, are exhausted. *See generally* doc. 19. In the absence of leave to amend, the claim asserted in the Motion is not properly before the Court. *See, e.g.,* Fed. R. Civ. P. 15(a)(2); *Harvey v. Dixon*, 2023 WL 2278608, at *6-*7 (S.D. Fla. Jan. 25, 2023). However, as discussed below, any constructive-amendment claim also appears unexhausted, which supports Respondent's otherwise schematic argument that the Petition is "mixed."

Having endeavored to identify all of the grounds asserted across Petitioner's various filings, the Court now turns to the Respondent's argument that at least some of them are unexhausted. *See* doc. 10-1 at 6. Before seeking federal habeas corpus relief, petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254 (b)(1)(A). Exhaustion generally requires that the claims be presented to "the state's highest court." *See, e.g., Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010) ("[I]n order to exhaust state remedies, a petitioner must fairly

present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."). The Petition expressly alleges that all the grounds, expressly referring to Grounds One through Six, have been exhausted in state court. *See* doc. 1 at 15; *see also id.* at 7-12. He asserts that the issues were all raised on direct appeal and expressly alleges that none have been raised through any state habeas petition. *See id.* at 7-12. Presentation of a claim to the Georgia Court of Appeals is sufficient to exhaust it. *See, e.g., Hills v. Washington*, 441 F.3d 1374, 1375 (11th Cir. 2006) (quoting Ga. Sup. Ct. R. 40(c)(2)); *Skillern v. State of Georgia*, 202 F. App'x 403, 408 (11th Cir. 2006). Jones does not expressly allege any exhaustion as to Grounds Seven through Eleven. *See generally* doc. 8. He also does not allege any exhaustion of the constructive-amendment claim raised for the first time in his Motion for Judgment on the Pleadings. *See generally* doc. 12. Review of his appellate brief, doc. 11-3, and the Court of Appeals opinion, doc. 11-4, does not fully resolve the question.

Respondent's Motion seeks dismissal of the Petition for failure to exhaust. Doc. 10-1 at 3. He concedes that Grounds One, Two, Four, Five, and Six, "and a portion of Grounds [Seven] and [Eight]," were rejected on

direct appeal.[2]  *Id.* at 6.  The exhaustion issue is somewhat complicated by Respondent's concession that they are procedurally defaulted.  *See id.* at 7.  Respondent does not address the additional grounds, identified as Nine through Eleven above, at all.  *See generally* doc. 10-1. Approximately three months after Respondent's Motion was filed, Jones filed a response.  *See generally* docs. 16 & 17.  Respondent has not challenged that response as untimely and so the Court considers it below. Jones argues that the Court of Appeals' rejection of his judicial-misconduct related claims, because no motion to recuse was ever filed in the trial court, exhausts his claims.  *See* doc. 17 at 9.  Jones' exhaustion argument is, charitably, hard to follow.  However, merely identifying

---

[2] Respondent also states that "Petitioner did not raise on appeal the claim he raises in ground 3 of the petition: a due process violation based on the admission of other act evidence, which Respondent submits either fails to state a claim or, alternatively, is procedurally defaulted." Doc. 10-1 at 7. Respondent's assertion is confused. First, Ground Three of the Petition, as noted above, is one of Petitioner's various assertions that the trial judge's relationship with the Center deprived him of a fair trial. Doc. 1 at 13. The ground that Respondent appears to refer to in his brief, concerning the improper admission of prior act evidence, is Ground Four. *See id.* at 14. Moreover, it is clear that the due-process challenge to the admission of the prior act evidence *was* raised in Petitioner's appellate brief. *See* doc. 11-3 at 39 ("In the instant case defense counsel rightfully objected that the Defendant was denied due process if he had to defend as to prior bad acts where Defendant doesn't know when these acts occurred . . . ."). Since, as discussed below, it is clear that at least some of Petitioner's claims are unexhausted, and the Respondent is correct that it is a "mixed" petition, which grounds precisely might or might not be exhausted need not be definitively resolved.

facts which allegedly support multiple legal claims is not sufficient to exhaust all of the legal claims.

"It is not sufficient merely that the federal habeas petitioner has been through the state courts, [cit.], nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made, [cit.]." *Kelley v. Sec'y for Dept. of Corrs.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004) (citations omitted). Thus, habeas petitioners cannot "preserve otherwise unexhausted, specific claims . . . merely by arguing [before a state court] in a general and unspecified way." *Id.* (citation omitted). "[I]n order to ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (quotations omitted). "While [courts] do not require a verbatim restatement of the claims brought in state court, [they] do require that a petitioner presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." *Id.* (quoting *Kelley*, 377 F.3d at 1344-45) (internal quotation marks omitted).

Jones' general allegations of judicial misconduct are, therefore, not sufficient to exhaust the panoply of specific legal claims he raises here.

Given that Respondent's exhaustion argument, discussed below, relies on his characterization of Jones' Petition as "mixed," his contention that all but one of the grounds asserted in the Petition have been exhausted, and his confusion concerning the remaining ground, the Court must first identify an unexhausted ground that is properly asserted. Respondent's Motion appears to accept that the *Brady* and Confrontation Clause claims, asserted in what the Court has identified as Grounds Seven and Eight are properly asserted, despite not being clearly alleged in the Petition. *See* doc. 10-1 at 6. Since the Respondent does not object to the consideration of those grounds, the Court will assume, without deciding, that they are properly asserted. Under that assumption, the Respondent is correct that they are unexhausted. Jones' appellate brief identifies five errors, *see* doc. 11-3 at 19, and nowhere mentions either *Brady*, or the Sixth Amendment, in general, much less the Confrontation Clause, specifically, *see generally id.* Thus, given that the parties appear to agree that Grounds Seven and Eight are properly asserted, they are clearly unexhausted.

Respondent notes that "[t]he Court may find the requisite exhaustion of the claims," it is unclear precisely which ones, "by virtue of their being procedurally defaulted." Doc. 10-1 at 7. However, in that circumstance, it does not seem that the claims would be dismissed here as unexhausted, but on their merits. *See, e.g., Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) ("[I]f the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." (citations omitted)). Further complicating the issue is Respondent's gnomic reference to the possibility of excusing any procedural default for cause. *See* doc. 10-1 at 7. It appears that, under Georgia law, a procedural default can be excused by a viable assertion that appellate counsel was ineffective. *See, e.g., Dills v. Weaver*, ___ S.E.2d ___, 2026 WL 20601, at *7 (Ga. Jan. 5, 2026) (citing *Humphrey v. Walker*, 757 S.E. 2d 68, 72 (Ga. 2014) ("The cause and prejudice test [to excuse a procedural default] can be met by showing that appellate counsel was constitutionally ineffective for failing to raise a claim on

11

direct appeal."). The copy of Jones' state habeas petition, filed by the Respondent, includes a claim that his appellate counsel was constitutionally ineffective. *See, e.g.,* doc. 11-5 at 7. Whether the additional grounds *could* be disposed of in the way that Respondent vaguely suggests is, therefore, murky, at best.

The appearance that Jones is asserting at least one ground in the instant Petition that is unexhausted, the uncertain status of the procedural default of the unexhausted grounds, and the Respondent's concession that multiple grounds are exhausted leads, albeit circuitously, to the conclusion that the instant Petition is "mixed." The Supreme Court has recognized that the interaction of the exhaustion requirement and AEDPA's statute of limitations can create a problem for federal petitions asserting a mix of exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). The Court explained that the solution to the problem was for the district court, "rather than dismiss the mixed petition . . . , [to] stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 275. However, such a procedure "should be available only in limited circumstances[,]" when the Court finds "there

12

was good cause for the petitioner's failure to exhaust his claims first in state court[,]" and those claims are not "plainly meritless." *Id.* at 277. "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The stay-and-abeyance procedure contemplated in *Rhines* is not appropriate here. There is no indication that Jones was intentionally dilatory and Respondent does not argue the claims' potential merit. However, there is clearly no good cause for Jones' failure to exhaust and, even if there could be, he has not shown it. First, courts do not hold federal petitions in abeyance when the timing conundrum that motivated *Rhines* is not implicated. *See, e.g., Turner v. Dixon,* 2025 WL 490223, at *6 (S.D. Fla. Jan. 21, 2025) (finding *Rhines* did not apply where the petitioner "has time remaining on the AEDPA clock and he has time to refile a federal habeas petition after he has exhausted his claims.").

13

Jones appears to have ample time on his AEDPA clock.[3]    Second, Petitioner has not shown "good cause" for his failure to exhaust state remedies.    Jones' argument appears to be that exhaustion should be excused because it is futile.    *See generally* doc. 17.    However, that argument seems to assume that his claims arising out of the alleged judicial misconduct would be "procedurally barred," not merely "procedurally defaulted."    *Cf. Schofield v. Meders*, 632 S.E. 2d 369, 372 (Ga. 2006) ("The law is well-established that any issue raised and ruled upon in the petitioner's direct appeal may not be reasserted in habeas corpus proceedings, [cit.], and that claims that could have been raised on direct appeal but are raised for the first time in habeas corpus proceedings are procedurally defaulted, unless the petitioner meets the 'cause and prejudice' test." (internal quotation marks and citations

---

[3]  The one-year statute of limitations on federal habeas petitions, under AEDPA, begins to run on the date that the petitioner's conviction becomes "final," often by the conclusion of direct review.  *See* 28 U.S.C. § 2244(d)(1)(A).  Since Jones' conviction was affirmed by the Court of Appeals on January 29, 2025, and he did not seek further review in the Supreme Court of Georgia, it would appear that his conviction became final twenty days later, on February 18, 2025.  *See* Ga. Sup. Ct. R. 38(2); *see also, e.g., Starling v. Warden*, 2023 WL 7013301, at *1 (11th Cir. May 10, 2023).  However, the one-year period is tolled during the pendency of "a properly filed application for State . . . collateral review . . . ."  28 U.S.C. § 2244(d)(2).  Assuming that Jones' state petition was "properly filed," it appears that only eighty-six days ran before its filing tolled the federal limitations period.  Assuming that the state habeas process remains ongoing, more than 270 days would remain on the one-year clock.

14

omitted)).  As discussed above, given the uncertain bases for the various grounds and the apparent possibility that Jones might assert a basis to excuse a procedural default in his state habeas petition, his generalized "futility" argument fails to show "good cause," within the meaning of *Rhines*, to excuse his failure to exhaust.  Thus, *Rhines* stay-and-abeyance procedure is not appropriate.

A further structural reason also counsels dismissal of Jones' mixed Petition as unexhausted.  As the Respondent points out, Jones may not simultaneously collaterally challenge the same convictions in state and federal court.  *See* doc. 10-1 at 7 (citing *Horowitz v. Wainwright*, 709 F.2d 1403 (11th Cir. 1983)).  The Supreme Court has frequently observed that "state courts are the principal forum for asserting constitutional challenges to state convictions."  *Harrington v.* Richter, 562 U.S. 86, 103 (2011).  The Eleventh Circuit recognized in *Horowitz* that "[t]he principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing the petitioners to simultaneously," challenge a state conviction in state and federal courts.  709 F.2d at 1404. The court explained in a footnote that it would not resolve the disputed issues of exhaustion "since petitioners have in fact filed collateral attacks

15

under," state law.   *Id.* at 1404 n. 2.   Thus, courts have recognized permitting a petitioner to pursue a federal petition, even limited to exhausted claims, "would offend the principles of comity . . . while his state habeas petition is still pending in the state courts."   *Rivers v. Beasley*, 2024 WL 6085710, at *3 (N.D. Ga. Jan. 9, 2024).   Moreover, as another court in this Circuit has noted, the outcome of the state petition might render any decision by the federal court moot and waste judicial resources.   *See Hall v. Sec'y, Fla. Dept. of Corrs.*, 2017 WL 2172189, at *2 (M.D. Fla. May 17, 2017) ("[T]he pending state proceedings might result in the reversal of Petitioner's conviction and / or sentence and eliminate the federal question, thereby rendering any decision by this Court moot and wasting precious judicial resources.").   Thus, permitting Jones to simultaneously pursue federal and state habeas relief, even assuming that the exhaustion issues could be addressed, would be improper.

For the reasons explained above, despite the considerable remaining ambiguities, the Court concludes that Jones' Petition, incorporating the claims asserted in the Memorandum, includes both exhausted and unexhausted claims.   Respondent's Motion to dismiss it

as unexhausted should, therefore, be **GRANTED**. Doc. 10. Jones' Petition should be **DISMISSED without prejudice**. Doc. 1.

Although *Rhines* counsels that, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims," that option is appropriate only "if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278. For the reasons discussed above, it appears that, far from "impairing" the claims he might pursue in a federal petition, Jones' full litigation of his state petition might enhance them. Moreover, the Court is not convinced that the option to delete unexhausted claims required by *Rhines* would apply to permit simultaneous state and federal proceedings. If the District Judge agrees that Jones' Petition should be dismissed, his remaining motions should be **DISMISSED as moot**. Docs. 12 & 14.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the

litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).  Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 3rd day of March, 2025.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

19