**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

MARKIEE Q. JONES,

      Petitioner,

      v.

GEORGE IVEY,

      Respondent.

CIVIL ACTION NO.: 6:25-cv-35

**O R D E R**

Before the Court is the Magistrate Judge's March 3, 2026, Report and Recommendation, (doc. 20), to which objections have been filed, (docs. 21 & 23[1]).  After a careful <u>de novo</u> review, the Court agrees with the Magistrate Judge's recommendations.  The Report and Recommendation is, therefore, **ADOPTED**, as supplemented below.  (Doc. 20); <u>see also</u>, 28 U.S.C. § 636(b)(1)(C).  Although the Court agrees with the Magistrate Judge that Respondent's

---

[1] Petitioner submitted two objections.  (Docs. 21 & 23.)  Although the chronology of those objections is somewhat confused, the second filed appears to be Petitioner's original objection, (<u>see generally</u> doc. 23), and the first filed appears to be Petitioner's "amended" objection, (<u>see generally</u> doc. 21).  The second-filed objections can be addressed immediately.  They are meritless.  Petitioner asserts that the Magistrate Judge "resolve[d] disputed factual issues and credibility matters," and "treats certain claims as . . . procedurally defaulted," (doc. 23, p. 2), which is simply inaccurate, (<u>see generally</u> doc. 20).  It refers to "factual errors," but does not identify any.  (Doc. 23, pp. 3—4.)  It makes claims, irrelevant in an objection, requesting discovery and an evidentiary hearing.  (<u>Id.</u>, pp. 5—6.)  It asserts that the Report and Recommendation "does not adequately consider equitable tolling or the date on which the statute of limitations began to run."  (Doc. 23, p. 6.)  While it is true that the Report and Recommendation does not address those issues, they are unaddressed because there is no plausible contention that the Petition is time barred.  (<u>See, e.g.</u>, doc. 20, p. 14 n. 3; doc. 25, p. 7 (Respondent's agreement that "270 days of untolled time remain[ ] for purposes of [Petitioner's] one-year [Anti-terrorism and Effective Death Penalty Act ("AEDPA")] statute of limitations . . . .").  The only coherent response in Petitioner's Objection is his request for a more detailed discussion of whether a certificate of appealability should issue.  (Doc. 23, pp. 4—5.)  That issue is addressed below.  Since Petitioner's second-filed objection raises no plausibly meritorious argument, it is **OVERRULED**.  (Doc. 23.)  The remaining discussion is limited to Petitioner's first-filed Objection.  (Doc. 21.)

Motion to Dismiss for Petitioner's failure to exhaust state remedies should be, and is, **GRANTED**, (doc. 10), it supplements the Report and Recommendation to address the parties' additional arguments, (see docs. 21 & 25).

The Report and Recommendation recognized that, before seeking federal habeas corpus relief, a petitioner must afford state courts a "full and fair opportunity to resolve federal constitutional claims." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The Magistrate Judge concluded, and the parties do not dispute, that Jones asserts both claims that have been presented to state courts and claims that have not. (Doc. 20, p. 12; see also doc. 21; doc. 25, pp. 3—5.) As a "mixed" Petition, the Magistrate Judge proceeded to consider whether the stay-and-abeyance procedure established by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005), applied. (Doc. 20, pp. 12—15.) The Magistrate Judge, without any argument from the parties, concluded that it did not. (Id.) Jones' Objection argues, among other things, that the Report and Recommendation incorrectly considered whether there was any danger that any future federal petition he filed after the conclusion of the state habeas proceedings would be time barred. (Doc. 21, pp. 3—4.) Because no party had previously addressed the Rhines procedure, the Magistrate Judge directed Respondent to respond, (doc. 22), and he complied, (doc. 25). As relevant here, he argues that the Report and Recommendation correctly concluded that the Rhines procedure does not apply in these circumstances. (Doc. 25, pp. 5—9.) The Court agrees that, because dismissal of the Petition without prejudice does not immediately risk precluding any post-exhaustion petition as untimely, Rhines' stay-and-abeyance procedure is not implicated.

Jones' Objection asserts, without any citation to authority, that "[Rhines] does not condition a stay on how much time remains," under AEDPA's one-year statute of limitations. (Doc. 21, p. 4.) He purports to quote "Eleventh Circuit cases," holding "[t]he amount of time

2

remaining on the AEDPA clock is not determinative." (Id.) The Court has not found the quoted language in any case in the Eleventh Circuit. Moreover, as Respondent argues, Rhines instituted the stay-and-abeyance procedure to solve a specific problem arising from the interaction of the AEDPA's then-newly-enacted statute of limitations and the Supreme Court's pre-existing jurisprudence on "mixed" petitions. See Rhines, 544 U.S. at 275-76 (citing, inter alia, Rose v. Lundy, 455 U.S. 509 (1982)). It cautioned, however, that the overuse of such a procedure risks "frustrat[ing] AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings[, and] . . . undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277. As the Respondent succinctly states, "Rhines made time an all-but threshold factor in assessment of whether to stay a federal habeas case pending the outcome of a state collateral attack[.]" (Doc. 25, p. 6.)

Jones does not dispute that he has considerable time remaining on the now-tolled AEDPA statute of limitations. (Doc. 21, p. 4.) Instead he argues that dismissal "forces Petitioner to restart the federal process[ and] creates risk of miscalculation." (Id.) The first of those is true, but also what AEDPA and the comity owed by federal to state courts require. The second may be true, but is entirely within Petitioner's control. The "limited circumstances," justifying a stay under Rhines do not include a petitioner's desire to avoid the diligent and competent management of his own case. 544 U.S. at 277. Jones' assertion that dismissal, rather than a stay, "[c]reates risk of state procedural bars," is simply inscrutable and appears to misunderstand the relationship between state and federal habeas proceedings. (Doc. 21, p. 4.) His final assertion that failing to stay this case, "[c]reates risk of losing federal review forever," is wholly conclusory. (Id.) Petitioner's Objection is, therefore, **OVERRULED**. (Doc. 21.) The Court agrees with the

Report and Recommendation's conclusion that, because there is no structural risk that any federal petition timely filed after the conclusion of state collateral review would be time barred, the Rhines stay-and-abeyance procedure is inapplicable.    The Objections' remaining arguments about whether, if the Rhines procedure applied, Jones has shown the required "good cause," are, therefore, **DISMISSED** as moot.

Jones' Objection next disputes the Report and Recommendations' determination that, even if exhaustion were not an issue, principles of comity preclude permitting simultaneous state and federal collateral challenges to the same conviction.    (Doc. 21, pp. 4—5.)    While Jones' argument that Rhines' stay-and-abeyance procedure, technically, permits simultaneous litigation, (id.), he wholly ignores that that procedure "should be available only in limited circumstances." Rhines, 544 U.S. at 277 (emphasis added).    Rhines weighed whether "the petitioner's interest in obtaining federal review of his claims," could overcome the countervailing interests.    Id. at 278. As discussed above, where there is no discernable structural risk that a petitioner will not be able to obtain federal review, the weight of the countervailing interests, including comity, is overwhelming.    Finally, Jones' Objection does not even acknowledge, much less address, the efficiency concerns recognized by the Magistrate Judge.    (Doc. 20, p. 16.)    Even if this case were stayed, given the potential impact of the state proceedings on the grounds asserted, (see id., p. 17), it seems highly likely that some amendment to Jones' federal petition would be necessary at the conclusion of the state proceedings.    The instant dismissal will simply result in Jones making those adjustments in a new, rather than an amended, petition.    Jones' Objection to the Magistrate Judge's determination that he should not be permitted to simultaneously litigate federal and state collateral challenges to the same conviction is, therefore, **OVERRULED**.

Jones' Objections are, therefore, **OVERRULED**.  (Docs. 21 & 23.)  The Report and Recommendation is **ADOPTED**, as supplemented above.  (Doc. 20.)  Respondent's Motion to Dismiss Jones' Petition as unexhausted is **GRANTED**.  (Doc. 10.)  Jones' Petition is **DISMISSED, without prejudice**, as unexhausted.  (Doc. 1.)  Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872, at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal).   And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.   In particular, to the extent that the Court has reached the issues concerning which Jones seeks a certificate of appealability, i.e. whether Rhines applies and whether dismissal is appropriate, (doc. 21, p. 7), the Court finds that reasonable jurists would not find either decision debatable.  Cf. Brown, 2009 WL 307872, at *1.   To the extent that Jones' objects that the Report and Recommendation "does not apply the COA standard claim by claim or explain why reasonable jurists could not disagree," and requests that this Court do so, (doc. 23, pp. 4—5), the explanations in the Report and Recommendation, as supplemented above, are sufficient to explain his arguments' merits, or the lack thereof.   His Objection concerning the sufficiency of the denial of a COA is, therefore, **OVERRULED**.   Thus, in forma pauperis status on appeal is likewise **DENIED**.   28 U.S.C. § 1915(a)(3).   The Clerk is **DIRECTED** to **CLOSE** this case.

SO **ORDERED**, this 26th day of March, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA